UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GEOVINY ROYALTY ROSS,

                          Plaintiff,

-against-

PEOPLE OF STATE/GOVERNEMNT; NICOLE ROBINSON; DRAKE DELTORE; HILLER DELTORE; TRUMP; AMY ROBINSON; ANGELINA LOPEZ; TYSHON BROWN; LARRY CONTANETAL; KEVIN ROSS; SADE ROSS; BRANDON ROSS; SALLINO BARNS, *et al.*,

                          Defendants.

19-CV-6273 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Marcy Correctional Facility, brings this *pro se* action, alleging that Defendants violated his constitutional rights. By order dated August 28, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

This action is the third action that Plaintiff has filed concerning events occurring on January 20, 2012, June 5, 2014, and April 4, 2016. In the first action, Plaintiff alleged that on these dates, he suffered "gang asalt [sic] gang rape vilation [sic] of constitution rights." *Ross v. Robinson*, ECF 1:19-CV-6204, 1 (S.D.N.Y. Aug. 19, 2019). The Court dismissed that action as frivolous. ECF No. 7.

Plaintiff then filed this action, in which he alleges that on April 4, January 20, 2012, and June 5, 2014, at the "Brooklyn House Jail County," he was gang assaulted and raped. He also asserts that on March 6, in a year not provided, Plaintiff "was gang rape[d] by Drake who dresd [sic] up as a C.O. in Clinton C.F." ECF No. 2. Plaintiff claims that

> Drake got in the jail deseize [sic] as a C.O. because Hillary Clinton is Drake Delltore Mother who is one of the oners [sic] of the Clinton Prison that is why they call it Clinton Dannemora [and] they are taken richual [sic] medication to turn in to goses [and] are walking thure [sic] walse [sic]."

*Id.*

2

In the third action referring to January 20, 2012, June 5, 2014, and April 4, 2016, Plaintiff claims he was raped and assaulted at the "Jail County Lower East Side Manhattan & Bronx NY." *Ross v. Robinson*, ECF 1:19-CV-7947, 1 (S.D.N.Y., complaint filed Aug. 23, 2019).

In this action, Plaintiff also asserts facts concerning his incarceration at Clinton Correctional Facility related to mental health programming and his keep-lock status.

Plaintiff seeks "802:57600000.7800000.450062000.110062.0000.62.00" and "some fine weed to smoke in prison for medication to heal his confirt [sic]." ECF No. 2.

**DISCUSSION**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend. Should Plaintiff have actual grievances regarding the conditions of his confinement, he must bring those claims in the district in which his facility is located.[2]

---

[2] Clinton and Marcy Correctional Facilities are located in Oneida County, which are both in the Northern District of New York. 28 U.S.C. § 112.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 20, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge